UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

ANTHONY RODRIGUEZ and
JENNIFER RODRIGUEZ,

              Debtors.

_____

MICHAEL F. DUBIS, TRUSTEE,

              Plaintiff,

v.

HOMECOMINGS FINANCIAL NETWORK,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and
MORTGAGE CORPORATION OF WISCONSIN.

              Defendants.

Case No. 05-34551

Chapter 7

Adversary No. 06-2028

_____

MEMORANDUM DECISION ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
_____

      The chapter 7 trustee brought this adversary proceeding to avoid the defendants' mortgage lien and preserve it for the benefit of the estate. The defendants Homecomings Financial Network and Mortgage Electronic Registration Systems, Inc., answered the complaint and asserted affirmative defenses. The parties were provided an opportunity to file dispositive motions and the trustee filed a motion for summary judgment. The defendants neither filed their own motions nor responded to the trustee's motion.

      This is a core proceeding under 28 U.S.C. § 157(b)(2)(K), and the court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

BACKGROUND

The material facts of the case are not disputed. Prior to filing bankruptcy the debtors purchased real estate and financed it with a $169,000 mortgage with the defendants. The mortgage was dated May 27, 2005, but for undisclosed reasons, it was not recorded until June 21, 2005. On August 30, 2005, the debtors filed for bankruptcy relief.

On January 13, 2006, the trustee filed a complaint to avoid the mortgage as a preferential transfer under 11 U.S.C. § 547(b).

DISCUSSION

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under section 547(b) of the Bankruptcy Code, the trustee may avoid a transfer of the debtors' interest in property made within 90 days of bankruptcy that fulfills the requirements of that section, and, thus, effectively "prefers" one creditor over others. *See* 11 U.S.C. § 547(b). The granting of a security interest – here, the mortgage given to the creditors by the debtors – constitutes such a "transfer" of the debtor's interest in property. *See* 11 U.S.C. § 101(54). If, however, a security interest is given to finance a debtor's purchase of property, section 547(c)(3)(B) provides an exception to the trustee's avoiding power so long as the security interest "is perfected on or before 20 days after the debtor receives possession of such property." 11 U.S.C. § 547(c)(3)(B).

In this case, the creditors failed to comply with the requirements of section 547(c)(3)(B)

and the trustee is entitled to judgment as a matter of law. The avoided mortgage is preserved for the benefit of the estate. The plaintiff is not entitled to recover the amount of payments received by the defendants postpetition. *See In re Rubia*, 257 B.R. 324 (B.A.P. 10th Cir. 2001), *aff'd*, No. 01-3020, 2001 WL 1580933 (10th Cir. 2001) (holding trustee, upon avoiding vehicle lien, could not recover from creditor postpetition payments voluntarily made by debtors to creditor). The plaintiff is entitled to costs associated with this action. A separate order for judgment shall be entered accordingly.

August 1, 2006

Margaret Dee. McGarity
U.S. Bankruptcy Judge